UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOBBY DWAYNE WILLIAMS                                    CIVIL ACTION

VERSUS                                                   NO. 17-6269

DETECTIVE BURNETT ET AL.                                 SECTION "E"(2)

## ORDER AND REASONS

Pro se plaintiff Bobby Dwayne Williams is an inmate currently incarcerated in the Calcasieu Correctional Center in Lake Charles, Louisiana. He filed the captioned lawsuit in forma pauperis[1] pursuant to 42 U.S.C. § 1983 against defendants Detective Burnett and Sheriff Tony Mancuso. Plaintiff alleges that Detective Burnett and an investigator with the Calcasieu Parish Sheriff's Office searched and seized his cell phone and property without consent and without a warrant. Record Doc. No. 3, p.2 ¶IV, No. 3-1, p.4 ¶IV (Complaint). He requests injunctive relief. Id. at p.5.

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the

---

[1] The court by this order has instructed the Clerk of Court to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Western District of Louisiana.

district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §§ 1406(a) and 1404(a) allow transfer of a case from one district to another district or division in which venue is proper, for the convenience of parties and witnesses and in the interest of justice. For example, a magistrate judge's transfer of a prisoner's case to the district in which his claims allegedly arose has been held proper by the United States Court of Appeals for the Fifth Circuit. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

The events forming the factual basis of plaintiff's claims allegedly occurred in Calcasieu Parish, Louisiana, which is located within the boundaries of the Western District of Louisiana. 28 U.S.C. § 98(c). No defendant is alleged to reside in or to be located within the Eastern District. Venue is not proper in the Eastern District of Louisiana. On the other hand, the court finds that venue is proper in the Western District of Louisiana and the interests of justice dictate that this case be transferred, rather than being dismissed on grounds of improper venue. A magistrate judge is authorized to transfer to another district a complaint asserting claims based upon events occurring in that district. Balawajder, 160 F.3d at 1067.

**IT IS THEREFORE ORDERED** that the determination of pauper status is deferred to the United States District Court for the Western District of Louisiana after transfer of this matter to that Court.

**IT IS FURTHER ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this ___21st___ day of July, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE